50 CCPA
**Application of Robert L. CORBETT and Robert L. Corbett, Jr.**

**Patent Appeal No. 6956.**

United States Court of Customs and Patent Appeals.

April 25, 1963.

Slough & Slough, J. Helen Slough, Cleveland, Ohio, and William A. Smith, Jr., Washington, D. C., for appellants.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

Appellants appeal from a decision of the Board of Appeals which affirmed the examiner's rejection of claims 1, 2, 5 and 8 of appellants' application [1] for patent for "Coil Separators". No claims have been allowed.

Coil separators are used in annealing furnaces and act as convector plates and spacers between coils of metal in strip or wire form stacked in such furnaces. The separators provide spaces between each coil in the stack which permit heated gases to flow through radial passages or ports between the coils and transmit heat by both conduction and convection to all portions of each coil.

Appellants' coil separator comprises a flat annular disc having a diameter preferably as large as the diameter of the coils to be annealed. Secured to one or both sides of the disc are a number of circumferentially spaced tapered bars extending from the circumferential edge to the annulus of the disc to provide passageways which are narrower in width at the annulus than they are at the circumference of the disc. The tapered bars are preferably secured to the disc by bead welds at their intermediate portions. The inner and outer ends of the bars are secured to annular rings. The outer ring has a diameter larger than the diameter of the annular disc and the inner ring has a diameter smaller than the diameter of the annulus in the disc.

Claim 8 which is typical of the appealed claims is as follows:

"8. A coil separator for separating coils in a stack of coils to be heated, comprising an annular disc, a plurality of tapered bars integrally secured thereto, said tapered bars being so positioned with respect to each other and to the disc as to provide tapered ports therethrough, said ports being of greater width at their outer edges than at their [sic] inner periphery of said plate, said tapered bars being of such length as to protrude beyond the inner and outer peripheries of said disc, a ring encircling said annular disc secured to a plurality of interspaced protruding ends of said bars."

In its decision affirming the examiner's rejection of the appealed claims as obvious, the board relied on the following prior art:

| | | | | |
|---|---|---|---|---|
| Brown | 1,870,551 | Aug. | 9, | 1932 |
| Winder | 2,671,656 | Mar. | 9, | 1954 |
| Mullins | 2,721,070 | Oct. | 18, | 1955 |

Brown discloses a coil separator comprising a flat annular disc having "spacing-lugs" radially disposed around the disc at equal intervals. These lugs, four of which are shown in the drawing, are not themselves tapered but do define tapered passageways having their outer width greater than their inner width. The specification states that these spacing lugs:

" * * * serve to space the coils from each other and also guide or aline the coils, the space between the coils permitting the circulation of heated gases between the coils and thus facilitating the heating thereof."

Winder discloses two types of coil separators. The first comprises an annular plate "whose surface extends over substantially the whole area of the adjacent coils" and to which generally radial curved ribs are affixed on either side by rivets. Winder states that he prefers

1. Ser. No. 524,925 filed July 28, 1955.

to "maintain uniform width of the passageways between the ribs, as will be accomplished by ribs of uniform width formed to the curve of an involute." The second species of coil separator shown by Winder comprises a number of tapered, radial ribs mounted on two concentric rings. The tapered ribs are mounted so that they taper inwardly and form gas passageways of uniform width therebetween.

Mullins discloses a "two-pass gas circulating separator" having generally radial vanes or ribs on each side of a deflector plate. The outer ends of the vanes are secured to a peripheral ring. The heated gases flow outwardly through the passageways between the ribs on one side of the deflector plate and are diverted by the peripheral ring to flow inwardly through the passages between the ribs on the other side of the deflector plate.

The examiner finally rejected claims 1, 2 and 5 as "being unpatentable" over Brown, alone or in view of Winder and claim 8 as unpatentable over Brown and Winder, further in view of Mullins. In its decision affirming these rejections, the board stated:

> " * * * In our opinion, the spaces between the supporting bars 31 of Brown definitely form gas passages of substantially decreasing width from the outer ends thereof to the inner ends and it would be an obvious and immaterial change to have the bars also taper in width inwardly of their length. * * * "

The sole issue is whether the board was correct in holding that the differences between the structure of the appealed claims and the prior art would have been obvious to a person having ordinary skill in this art at the time the invention was made. We think the board was correct in holding that the claimed structure would have been obvious to such a person.

2. The examiner and board based their rejection on "obviousness" under 35 U.S.C. § 103. We interpret the word "anticipate" here to mean "render obvious".

Appellants' position that the board was in error in so holding proceeds from their arguments which are summarized in their brief as follows:

> "To anticipate [2] the present invention, appellants maintain that Brown and Winder and Mullins must [A] conceive the problem of restriction and control of gases, [B] the provision of proper bearing support, [C] expansion and contraction at different rates of the bars, plate and stack, and these problems are not solved in these references nor according to the manner of appellants' invention as set forth in the claims on appeal, and therefore appellants' invention should be afforded protection under the patent statutes."

Appellants' first argument is based on an asserted unobvious advantage [A] which is explained in their specification as follows:

> "It will be obvious, that the radial tapered ports and bars reduces [sic] the area of passage of the gases therethrough and hence increases the mass velocity of the gases as the same flows toward the coil core, at the same time increasing the convection transfer surface at the outer portion of the coil. * * * "

Stated another way, if it is assumed that the hot gases flow inwardly through the passageways of the separator, the inwardly tapered passages restrict the gas flow at the inner restricted end relative to the flow in the outer, wider end of the passageway, thus increasing the "residence time" of the gases at the outer end where larger amounts of metal in the outer layers of the coil require more heat units per unit of time than are required on the lesser amounts of metal in the inner layers of the coil. Assuming these theories of fluid flow and heat transfer to be valid, it is our opinion that the structure disclosed by Brown would provide the same advantages asserted by

However, see the Manual of Patent Examining Procedure, 3rd Ed., Sec. 707.07 (d).

appellants for their coil separator as claimed in the appealed claims. Brown shows four equally spaced radial "spacing-lugs" which define between them four relatively large passageways, each of which is tapered inwardly. While appellants contemplate a larger number of bars and therefore more and smaller tapered passageways, this feature in the appealed claims is shown by the four passageways shown by Brown. Claims 2, 5 and 8 call for "a plurality" of bars —which would include the four bars disclosed by Brown. Although Brown discloses his separator in conjunction with an annealing furnace wherein the hot gases flow radially *outward*, none of the appealed claims specifies a particular direction of the gas flow through the tapered passageways. Thus, the asserted advantages of restricted inwardly directed gas flow here relied upon by appellants are not recited in their claims. As the appealed claims stand, they do not distinguish in this particular over the inwardly tapered passages disclosed by Brown.

Appellants' second argument is based on an asserted advantage [B] that the inwardly tapered bars provide a larger support area at their outer ends where there is the greatest weight in the supported coils. The tapered or tear drop shape ribs of Winder clearly provide a similar advantage. Winder states in his specification that separators having a tapered rib design provide "a maximum of efficiency in space for gas circulation *and coil support by the ribs,* * * *." [Emphasis added.] While Winder's ribs are shown to be hollow, it would be an obvious matter of design choice to construct a rib or spacer, hollow or solid, of sufficient strength to withstand the weight of the stacked coils. The appealed claims merely recite "tapered bars" which would include both solid and hollow tapered bars.

The third argument asserted by appellants is based on asserted advantage [C] that their coil separator is not subject to warping due to the non-uniform thermal expansion of the tapered bars and the annular disc. Warping is said to be avoided by welding the bars to the disc at their longitudinal midpoint and securing their inner and outer ends to the expansible rings which are spaced from the annular disc.

Appealed claim 1 states that the bars are "secured to a side of the plate". Claim 2 states that the bars are "integrally secured" to the annular disc. These claims cover any means of securing the bars to the "plate" or "disc" and do not distinguish over the reference disclosures of this feature. Claim 5 requires that each bar be "secured at a median portion to a side of the plate, * * *." In the first species of separator disclosed by Winder the bars are secured to the annular plate in two places by rivets. We think, however, that it would be an obvious expedient for one of ordinary skill in the art to utilize a single rivet or weld to prevent warping or buckling due to unequal thermal expansion of the bars and plate.

Appealed claim 8, like claims 1 and 2, merely states that the bars are secured to the plate or disc. Claim 8 further requires that the tapered bars protrude beyond the inner and outer extremities of the annular disc and that the outer protruding ends be secured to a ring encircling the annular disc. The first species of coil separator disclosed by Winder has bars extending beyond the disc. The Mullins reference, as noted by the board, shows separator "vanes" secured to a ring at their outer end. We believe, therefore, that it would have been obvious to provide a ring or band for securing the inner or outer protruding ends of appellants' bars.

Appellants finally assert that the coil separator of Brown does not have an annular disc "whose surface extends substantially over the whole area of the adjacent coils" as required by claims 1 and 5. However, Winder discloses and claims in claim 1 a coil separator having an annular disc "whose surface extends over substantially the whole area of the adjacent coils * * *." We think that it would be obvious to incorporate this ex-

press teaching from the Winder patent into a coil separator having inwardly tapered gas passages as shown by Brown.

Appellants have combined several features of coil separators found in the prior art and undoubtedly have constructed an improved coil separator. We do not agree with appellants, however, that such differences over the prior art as are claimed in the appealed claims would have been unobvious at the time appellants' invention was made to a person having ordinary skill in this art. We therefore affirm the decision of the Board of Appeals.

Affirmed.